UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RANDAL S. HORR, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   2:11-cv-00369-DBH |
| | ) |
| MAINE, STATE OF, et al., | ) |
| | ) |
|     Defendants | ) |

## RECOMMENDED DECISION

On October 3, 2011, I granted Randal Horr leave to proceed *in forma pauperis*. In that order I advised Horr that his complaint as presently drafted was subject to summary dismissal and gave him until October 24, 2011, to submit an amended complaint that properly stated a claim for deliberate indifference to constitutional rights and properly named defendants who he alleges have infringed upon those rights. I further advised Horr that in the event he did not submit an amended complaint by that date, a recommendation for summary dismissal would issue.

As of today's date, the court has received no further communication from plaintiff. According to the original complaint, Horr was an inmate at the Cumberland County Jail and then at the Maine State Prison from his arrest in 2001 until his release immediately prior to filing the complaint on September 30, 2011. According to Horr he was transferred to the Maine State Prison on August 5, 2002. On August 7, 2002, Horr tested positive for Hepatitis C virus and HIV. However, according to Horr these tests results were later described to him as a false positive test. He apparently received no treatment for either condition. According to Horr because of the defendants' negligence he is unable to obtain any health or life insurance based on

his medical records. Horr further asserts that the information Correctional Medical Services gave him about a "false positive" was inaccurate and that his primary care physician now informs him this information was "untrue."

Horr has brought a suit for money damages against the State of Maine, the Cumberland County Jail, the Maine Department of Corrections, former Commissioner of the Department of Corrections Martin Magnusson, and Correctional Medical Services. The state defendants are absolutely immune from a suit for money damages nor is the department itself even an entity amenable to suit because it is not a "person" within the meaning of 42 U.S.C. § 1983. See Will v. Mich. State Police, 491 U.S. 58, 65-67, 71 (1989). Correctional Medical Service and Cumberland County could theoretically be liable as municipal entities premised on a custom and policy theory. See City of Canton v. Harris, 489 U.S. 378, 385 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986); Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978); see also Whitfield v. Melendez-Rivera, 431 F.3d 1, 9 -14 (1st Cir. 2005); Gaudreault v. Municipality of Salem, 923 F.2d 203, 209 (1st Cir. 1990); Choate v. Merrill, Civ. No. 08-49-B-W, 2009 WL 3487750, 5 (D. Me. Oct. 20, 2009) (recommended decision). However, there are no factual details that would support such a theory of liability in this case.

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment to the United States Constitution. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994) (citing Helling v. McKinney, 509 U.S. 25 (1993), Wilson v. Seiter, 501 U.S. 294 (1991), and Estelle v. Gamble, 429 U.S. 97 (1976)). Horr has named no individual defendants nor provided a factual recitation from which deliberate indifference by an individual could be inferred. At best he alleges that Correctional Medical Services negligently misdiagnosed his illness resulting in his failure to receive appropriate medical services. A cause

of action for medical malpractice belongs in the state court, not in this forum. See Daniels v. Williams, 474 U.S. 327 (1986); Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1 Cir. 2007); Feeney v. Correctional Medical Services, Inc., 464 F.3d 158, 161-62 (1st Cir. 2006). Horr's factual allegations do not support his claim that his constitutional rights were violated by any person.

**Conclusion**

Accordingly, I recommend the complaint be DISMISSED in its entirety for failure to state a federal claim.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 8, 2011

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge